ON APPLICATION FOR REHEARING
MAX N. TOBIAS, JR., Judge.
| ¶ Upon the application for rehearing of this court’s opinion dated 26 February 2010 by the defendants/appellants/cross-appellees, American Alternative Insurance Corporation, State of Louisiana, Louisiana Health Services Center, and Roger Ogden, II, the court grants the application in part and denies in part.
In consideration of this court’s opinion dated 26 February 2010, the judgment of the trial court is reissued and rendered to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Michelle lies, and against the defendants, Roger H. Ogden, II, State of Louisiana, Louisiana Health Sciences Center, and American Alternative Insurance Corporation, in the following amounts:
(1) Past attendant care (past related benefits) $ 350,400.00
(2) Future attendant care (future related benefits) 3,942,971.00
(3) Loss of past earned income 53,769.57
(4) Loss of future earned income 122,589.50
(5) Loss of past unearned income 1,065,434.16
(6) Loss of future unearned income 4,432,515.00
(7) Past medical expenses 31,869.10
(8) Future medical expenses 366,937.00
(9) Funeral expenses 6,660.50
12(10) General damages
(a) Michelle lies’ personal injuries 500,000.00
(b) Michelle lies’ loss of love, affection 250,000.00
(c) Carl Mucldey’s survival action 150,000.00
TOTAL $11,553,145.83
IT IS ORDERED, ADJUDGED AND DECREED that the court recognizes that payments received by Michelle lies due to the death of Carl Muckley, which must be deducted pursuant to Louisiana Civil Code article 2435, and the court recognizes that the payments were made by Great Northern and Liberty Insurance Companies to Michelle lies as a result of the personal injury, wrongful death, and survival claims that must be setoff as well for a total of $2,390,916.52. Therefore, $2,390,916.52 has been deducted in a pro-rata fashion from the awards detail and calculated by the court immediately above as set forth below.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that after the above deductions and pro-rated amounts are subtracted, the judgment is hereby rendered in favor of Michelle lies in the following amounts:
(1) Past attendant care (past related benefits) $ 277,884.94
(2) Future attendant care (future related benefits) 3,127,768.58
(3) Loss of past earned income 42,641.99
(4) Loss of future earned income 97,219.69
(5) Loss of past unearned income 844,943.20
(6) Loss of future unearned income 3,515,208.69
(7) Past medical expenses 246,534.94
(8) Future medical expenses 290,999.62
(9) Funeral expenses 5,282.12
(10) General damages
(a) Michelle lies’ personal injuries 396,525.30
(b) Michelle lies’ loss of love, affection 198,262.65
(c) Carl Mucldey’s survival action 118,957.59
TOTAL $9,162,229.31
*455 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of the plaintiff, Michelle lies, and the | defendants, Roger H. Ogden, II and the State of Louisiana, Louisiana Health Sciences Center, jointly and in solido, in the amount of $5,000,000.00, representing the State of Louisiana’s self-insured retention limits under policy # AL20032004.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered in favor of the plaintiff, Michelle lies, and against the defendants, Roger H. Ogden, II, State of Louisiana, Louisiana Health Sciences Center, and American Alternative Insurance Corporation, for the balance of the judgment in the amount of $4,162,229.31.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the future medical expenses of $290,999.62 and the future related benefits (attendant care) of $3,127,768.58 awarded to the plaintiff, Michelle lies, shall be paid in accordance with the provisions of Louisiana Revised Statutes 13:5106(b) (3)(c).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment is hereby rendered herein in favor of the plaintiff, Michelle lies, in the amount of $24,929.15, representing costs as follows:
(1) Expert witness fees:
a. Dr. Michael Harbour .$ 1,500.00
b. Dr. Edward Shwery 1,500.00
c. Dr. L.S. Kewalramani 3,575.00
d. Dr. Robert Voogt 1,500.00
e. J. Stuart Wood, Ph.D. 2,700.00
f. Benjamin Woods, CPA 1,500.00
g. Dr. Mortezma Shamsnia 2,000.00
h. Dr. Roberta Bell 500.00
(2) Court costs:
a. Civil District Court-Clerk $ 1,320.00
b. Orleans Parish Civil Sheriff 6,730.75
[[Image here]]
a. Video and transcript of Michael
Barrow $ 466.35
b. Video and transcript of Carol Slater 637,05
TOTAL $23,929.15
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the above and foregoing judgments in favor of the plaintiff, Michelle lies, and against the defendants, Roger H. Ogden, II, State of Louisiana, Louisiana Health Sciences Center, and American Alternative Insurance Corporation, totaling $ 9,162,229.31, be awarded together with judicial interest thereon in accordance with Louisiana Revised Statutes 13:5112(C).
The defendants/appellants/cross-appel-lees assert that this court has failed to follow the jurisprudence as set forth in Rosell v. ESCO, 549 So.2d 840 (La.1989) regarding our duty to perform a de novo review once we found the trial court’s decision to be manifestly erroneous/clearly wrong. They assert that the amount that Ms. lies’ award from the trial court for the loss of future unearned income that the trial court set at $20,000,000.00 should have been reduced to is $728,725.85 in accordance with our calculations set forth on page 40 of our original opinion of 26 February 2010. We set the final award at $4,432,515.00. We disagree.
Whereas in our de novo review we are not required to give any deference to the trial court’s decision as to quantum once we have determined that the trial court is manifestly erroneous or clearly wrong, neither are we required to completely ignore the trial court’s determination and conclusions in their entirety. We are reminded that the trial judge heard each witnesses live and could ascertain the demeanor of each witness, the | ^physical appearance of the plaintiff, the tone of voice of each witness, the manner of testimony of each witness, et cetera. We note that some of our calculations of loss of future unearned income, depending upon discount rate and the dollar amount of the annual loss, could be as much as $5,588,744.72. If one were to find that the loss of passive, unearned *456 income should be calculated the same as is traditionally done for earned income and that the S corporation income should be included in the calculation, then Ms. lies could likewise argue that our award is low.
Ms lies’ damages are severe and she will have large and continuing expenses for her physical care for the rest of her life. The costs of that care more likely than not will increase with time; the precise rate of inflation in the future is unknown. Concomitantly, determining a precise discount rate is a judgment call.
Within our discretion, we find and again reaffirm that a fair and just award to Ms. lies for loss of future unearned income is $4,432,515.00. La. C.C.P. art. 2164.
Except as to formally and precisely recasting the trial court’s judgment so that a person might execute thereon, we find no merit to the defendants/appellants/cross-appellees’ application for rehearing.
REHEARING GRANTED IN PART AND DENIED IN PART; RENDERED.